PER CURIAM.
Because of the exigencies of this case, requiring prompt disposition, we hand down the following decision, the reasons for which will follow in due course:
The ruling of the Criminal District Court for Orleans Parish is affirmed and the case is remanded to the district court for trial as a capital offense. In the event of conviction, imposition of the sentence shall be deferred pending further orders of this court.
DIXON, J., concurs in the result.
SUPPLEMENTAL OPINION
PER CURIAM:
The Grand Jury of Orleans Parish indicted Kenneth Clavo for aggravated rape. LSA-R.S. 14:42. Subsequently, the United States Supreme Court handed down its decision in Roberts v. Louisiana, - U.S. -, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), invalidating the mandatory death penalty in the aggravated rape statute. The defendant then moved to quash the indictment. The trial judge overruled the motion, and on defendant’s application, we granted writs under our supervisory jurisdiction.
On July 26, 1976, this Court affirmed the ruling of the trial court, remanded the case for trial as a capital offense, and instructed the judge, in the event of conviction, to defer sentence pending further orders of this Court.
Since this decree, the United States Supreme Court has denied a rehearing in Roberts v. Louisiana, supra, requiring this Court to consider the question of the proper non-capital sentence for aggravated rape.
The Court has considered the question in a series of decisions and concluded that the proper sentence is now imprisonment at hard labor for twenty years. See State v. Craig, La., 340 So.2d 191 (1976); State v. Lee, La., 340 So.2d 180 (1976); State v. Watkins, La., 340 So.2d 235 (1976).
For the reasons assigned, the district court is instructed, in the event defendant is convicted of aggravated rape, to sentence *728 him to imprisonment at hard labor for twenty years.
SUMMERS, J., see my dissent in State v. Lee, La., 340 So.2d 180.